# EXHIBIT A

```
1  Larry A. Zier, Esq., SBN 017090
   LAW OFFICE OF LARRY A. ZIER, P.C.
2  7339 East Sixth Avenue
   Scottsdale, AZ 85251
3  (480) 990-8783
   minuteentries@zierlaw.com
4
   Attorney for Plaintiff
5
```

STATE OF ARIZONA
DEPT. OF INSURANCE

JUN 20 2014

TIME 1:06 pm
SERVICE OF PROCESS

RECEIVED JUN 24 2014 By FCCIL

J4T8
B. LONG

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JACOB SEBAG, <br><br> Plaintiffs, <br><br> vs. <br><br> GEICO CASUALTY COMPANY; JOHN DOES I-X; ABC CORPORATIONS I-X; and BLACK and WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS, I-X, <br><br> Defendants. | NO. CV2014-003608 <br><br> **SUMMONS** <br><br> If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 <br> or <br> www.maricopalawyers.org <br> Sponsored by the <br> Maricopa County Bar Association |

The State of Arizona to:   **GEICO CASUALTY COMPANY;**

**JOHN DOES and JANE DOES I-X; ABC CORPORATIONS I-X; and BLACK and WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS, I-X,**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within twenty (20) days after the service of the Summons and Complaint upon you, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of forty (40) days after date of such service upon the Director. Service by registered or certified mail without the State of Arizona is complete thirty (30) days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete thirty (30) days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent

1  YOU ARE HEREBY NOTIFIED that in the case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing, within the time required, and you are required to serve a copy of any Answer or response upon Plaintiff's attorney. R.C.P. 10(d), A.R.S. § 12-311, R.C.P. 9.

The name and address of Plaintiff's attorney is

Larry A. Zier, Esq.
LAW OFFICE OF LARRY A. ZIER, P.C.
7339 East Sixth Avenue
Scottsdale, AZ 85251
(480) 990-8783

Given under my hand and seal of office this ___ day of May, 2014.



_____
Clerk of the Superior Court
MAY 2 8 2014



MICHAEL K. JEANES, CLERK
N. MARRUFFO
DEPUTY CLERK



COPY

Larry A. Zier, Esq., SBN 017090
LAW OFFICE OF LARRY A. ZIER, P.C.
7339 East Sixth Avenue
Scottsdale, AZ 85251
(480) 990-8783
larry@zierlaw.com

Attorneys for Plaintiff

MAY 2 8 2014

MICHAEL K. JEANES, CLERK
N. MARRUFFO
DEPUTY CLERK

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

JACOB SEBAG,

    Plaintiffs,

vs.

GEICO CASUALTY COMPANY; JOHN DOES I-X; ABC CORPORATIONS I-X; and BLACK and WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS, I-X,

    Defendants.

Case No. CV2014-003608

**COMPLAINT**

(Tort - Motor Vehicle; Bad Faith)

Plaintiff alleges as follows:

1. Plaintiff JACOB SEBAG is a resident of Maricopa County, Arizona.

2. Defendant GEICO CASUALTY COMPANY (hereinafter referred to as "GEICO") is an insurance company that issued automobile policy number 4278810595 to Plaintiff (hereinafter referred to as "The Policy"). At all times relevant, Plaintiff was insured under the policy.

3. Defendants JOHN DOE and JANE DOE, wife and husband, were, at all times material herein, residents in Maricopa County, Arizona. The acts out of which this cause of action arose occurred in Maricopa County, Arizona.

4. Defendants JOHN DOE and JANE DOE, wife and husband, were, at all times mentioned herein, acting for and on behalf of their respective marital communities.

5. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants JOHN DOES I-X, ABC CORPORATIONS I-X; and BLACK and WHITE PARTNERSHIPS and/or SOLE PROPRIETORSHIPS, I-X, are unknown to Plaintiff, who therefore

1  sues said Defendants by such fictitious names. Plaintiff is informed and believe and therefore allege
2  that each of the defendants designated herein is legally responsible in some manner for the events
3  and happenings herein referred to, and legally caused injury and damages proximately thereby to
4  Plaintiff as herein alleged.

5      6.    That at all times herein mentioned, Defendants, and each of them, were the agents
6  and employees of each of the remaining Defendants, and were at all times acting within the purpose
7  and scope of said agency and employment, and each Defendant has ratified and approved the acts
8  of his agent.

### COUNT 1 - Uninsured Motorist Benefits

10      7.    On January 10, 2014, Plaintiff was involved in a collision, whilst riding his bicycle,
11  with a negligent "John Doe" driver, who left the scene and who remains unidentified (hereinafter
12  referred to as the "uninsured motorist").

13      8.    On or about said date, the uninsured motorist intentionally, recklessly, or negligently
14  operated a motor vehicle and rear-ended Plaintiff's bicycle.

15      9.    The actions of the uninsured motorist proximately caused the collision with Plaintiff's
16  bicycle and Plaintiffs' injuries and damages herein.

17      10.    As a result of the negligence of the uninsured motorist, Plaintiff suffered damages,
18  including bodily injury for which he was treated. Plaintiff incurred medical bills as a result of his
19  treatment.

20      11.    Plaintiff submitted demands to Defendant GEICO to settle the claims made pursuant
21  to the uninsured motorist coverage provisions of the policy. The settlement demands contained
22  formal demand(s) for arbitration.

23      12.    Defendant GEICO is liable for all damages caused by the uninsured motorist,
24  pursuant to the policy; as well as for the provision of other applicable benefits pursuant to the policy.

25      13.    Defendants have failed and/or refused to accept or reject Plaintiff's claims in writing,
26  to settle same, or to arbitrate.

-2-

14. As a proximate result of Defendant GEICO's failure or refusal to settle or resolve Plaintiff's claims, Plaintiff has suffered, and will continue to suffer in the future, damages under the terms of the policies, in an amount to be determined at trial. Said damages include, but are not limited to damages attributable to the "uninsured motorist."

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, pursuant to the applicable insurance coverage, as follows:

    A.    For past, present, and future medical expenses;

    B.    For past, present, and future pain and suffering in an amount to be proven at trial;

    C.    For general damage to Plaintiff;

    D.    For future impairment, disfigurement, and loss of opportunity;

    E.    For Plaintiff's lost wages and for the reasonable value of Plaintiff's impaired and diminished earning capacity to the date of trial and in the future;

    F.    For Plaintiff's costs and attorney's fees incurred herein; and

    G.    For such other and further relief as the Court deems just.

**COUNT 2 - Bad Faith**

15. Plaintiff hereby incorporates the previous allegations in this Complaint as if fully set forth herein.

16. Defendant Geico is an insurer and issued an insurance policy (hereinafter referred to as "THE POLICY") to Plaintiff JACOB SEBAG.

17. Plaintiff JACOB SEBAG was an insured under THE POLICY and Plaintiff was also a direct beneficiary under THE POLICY.

18. All premiums due under THE POLICY have been paid to GEICO at all times relevant herein and, further, Plaintiff has performed all obligations under THE POLICY to be performed.

-3-

19. On January 10, 2014, Plaintiff was injured in a collision, whilst riding his bicycle, as a proximate result of the negligence, carelessness, recklessness and/or intentional misconduct of a third party "uninsured motorist," as defined in THE POLICY.

20. As a proximate result of the actions of said third party, Plaintiff suffered damages, including medical bills and other expenses.

21. Plaintiff submitted a demand to Defendant to settle his claims made pursuant to the uninsured motorist coverage provisions of THE POLICY.

22. Defendant has failed and/or refused to accept Plaintiff's claims and have, in fact, denied coverage for the insured loss.

23. Defendant GEICO has breached its duties of fair dealing and good faith owed to Plaintiff in the following respects:

    a. Withholding benefits from Plaintiff and denying coverage knowing Plaintiff's claims for benefits under THE POLICY to be valid.

    b. Failure to provide Plaintiff's benefits pursuant to said claims at a time when Defendants had sufficient information within their possession to justify said action.

    c. Failure to reasonably and promptly investigate and process Plaintiff's claims under THE POLICY.

    d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim in which liability has become reasonably clear.

    e. Failure to provide a reasonable explanation of the basis relied upon in relation to the facts, for the denial of Plaintiff's claims and demands.

    f. Failure to contract with competent personnel for the prompt and proper investigation and processing of Plaintiff's claims under said insurance policy.

    g. By other acts or omission of Defendants.

-4-

24. As a proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has suffered, and will continue to suffer in the future, damages under the terms of THE POLICY in an amount to be determined at trial.

25. As a further proximate result of the aforementioned conduct of Defendant, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages, all to Plaintiff's general damage in an amount to be determined at trial.

26. Defendant's conduct described herein was done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure, or annoy Plaintiff, such as to constitute oppression, fraud, or malice, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

A. Damages for failure to provide benefits under THE POLICY in an amount to be determined at trial;

B. Special damages according to proof at trial;

C. General damages for emotional distress and other incidental damages in an amount to be determined at trial;

D. For punitive damages in an amount to be determined at trial;

E. Declaratory Relief;

F. For reasonable attorney's fees as the court deems just and proper;

G. For costs of suit incurred herein; and,

H. For such other and further relief as the court deems just and proper.

-5-

## COUNT 3 - Breach of Contract

27. Plaintiff refers to the foregoing paragraphs as though set forth in full in this cause of action.

28. Plaintiff has performed all conditions, covenants, and promises required by him to be performed in accordance with the terms and conditions of the contract of insurance referred to herein.

29. Defendants, and each of them, have breached their contract to Plaintiff by the acts or omission set forth above, particularly those set forth in paragraph 23, all to Plaintiff's damage as set forth herein and according to proof a trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

- A. Damages for failure to provide benefits under THE POLICY in an amount to be determined at trial;
- B. Special damages according to proof at trial;
- C. General damages for emotional distress and other incidental damages in an amount to be determined at trial;
- D. For punitive damages in an amount to be determined at trial;
- E. Declaratory Relief;
- F. For reasonable attorney's fees as the court deems just and proper;
- G. For costs of suit incurred herein; and,
- H. For such other and further relief as the court deems just and proper.

## COUNT 4 - Negligence

30. Plaintiff refers to the foregoing paragraphs as though set forth in full in this cause of action.

31. As a direct and proximate result of the negligent acts and conduct of the Defendants herein, Plaintiff has been damaged as set forth in the previous causes of action of this Complaint.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

- A. Damages for failure to provide benefits under THE POLICY in an amount to be determined at trial;

|   |   |   |
|---|---|---|
| 1 | B. | Special damages according to proof at trial; |
| 2 | C. | General damages for emotional distress and other incidental damages in an amount to be determined at trial; |
| 3 | D. | For punitive damages in an amount to be determined at trial; |
| 4 | E. | Declaratory Relief; |
| 5 | F. | For reasonable attorney's fees as the court deems just and proper; |
| 6 | G. | For costs of suit incurred herein; and, |
| 7 | H. | For such other and further relief as the court deems just and proper. |

### COUNT 5 - Negligent Hiring

32. Plaintiff refers to the foregoing paragraphs as though set forth in full in this cause of action.

33. Defendant willfully, negligently, carelessly, recklessly and unlawfully employed and continued to employ contractors, workers, adjustors, managers, supervisors, and agents who were not competent to process Plaintiff's claim pursuant to the contract of insurance, which proximately resulted in damage to Plaintiff.

34. Defendant GEICO had actual or constructive notice that said contractors, workers, managers, supervisors and agents of said Defendant were unfit for the job for which they were hired and not competent to perform their assigned duties or tasks.

35. As a direct and proximate result of the negligent hiring, training, and supervision of said contractors, workers, adjustors, managers, supervisors and agents of said Defendant, Plaintiff suffered damage in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

    A. Damages for failure to provide benefits under THE POLICY in an amount to be determined at trial;

    B. Special damages according to proof at trial;

    C. General damages for emotional distress and other incidental damages in an amount to be determined at trial;

    D. For punitive damages in an amount to be determined at trial;

-7-

|   |   |                                                                                                       |
|---|---|-------------------------------------------------------------------------------------------------------|
|   | E. | Declaratory Relief; |
|   | F. | For reasonable attorney's fees as the court deems just and proper; |
|   | G. | For costs of suit incurred herein; and, |
|   | H. | For such other and further relief as the court deems just and proper. |

### COUNT 6 - Intentional Infliction of Emotional Distress

36. Plaintiff refers to the foregoing paragraphs as though set forth in full in this cause of action.

37. Defendant acted, promised and conducted business as if they were going to provide Plaintiff's benefits pursuant to the policy.

38. Defendant GEICO orchestrated an unreasonable interpretation of THE POLICY and intentionally refused to arbitrate as requested and demanded. This conduct is outrageous and is intended to cause Plaintiff to suffer severe emotional distress.

39. Defendant GEICO also committed fraudulent and unlawful acts, as alleged herein. This conduct is outrageous and is intended to cause Plaintiff to suffer emotional distress.

40. As a proximate result of defendants conduct, Plaintiff sustained damages from emotional distress in an amount to be shown at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

    A. Damages for failure to provide benefits under THE POLICY in an amount to be determined at trial;

    B. Special damages according to proof at trial;

    C. General damages for emotional distress and other incidental damages in an amount to be determined at trial;

    D. For punitive damages in an amount to be determined at trial;

    E. Declaratory Relief;

    F. For reasonable attorney's fees as the court deems just and proper;

    G. For costs of suit incurred herein; and,

    H. For such other and further relief as the court deems just and proper.

**COUNT 7 - Unlawful Practices Pursuant to A.R.S. Title 44, Article 7 - Consumer Fraud**

41. Plaintiff refers to the foregoing paragraphs as though set forth in full in this cause of action

42. Defendant GEICO intentionally and unlawfully acted, used, or employed deception, deceptive acts or practices, fraud, false pretenses, false promises, misrepresentations, or concealment, all of which constituted unlawful practices and consumer fraud pursuant to A.R.S. Title 44, Article 7.

WHEREFORE, Plaintiff prays for judgement against Defendants, as follows:

A. Damages for failure to provide benefits under THE POLICY in an amount to be determined at trial;

B. Special damages according to proof at trial;

C. General damages for emotional distress and other incidental damages in an amount to be determined at trial;

D. For punitive damages in an amount to be determined at trial;

E. Declaratory Relief;

F. For reasonable attorney's fees as the court deems just and proper;

G. For costs of suit incurred herein; and,

H. For such other and further relief as the court deems just and proper.

DATED this 28th day of May, 2014.

LAW OFFICE OF LARRY A. ZIER, P.C.

By _____
Larry A. Zier, Esq.
Attorney for Plaintiff

-9-



```
                                                    MAY 2 8 2014
1  Larry A. Zier, Esq., SBN 017090
   LAW OFFICE OF LARRY A. ZIER, P.C.              MICHAEL K. JEANES, CLERK
2  7339 East Sixth Avenue                              N. MARRUFFO
   Scottsdale, AZ 85251                                DEPUTY CLERK
3  (480) 990-8783
   minuteentries@zierlaw.com
4
   Attorney for Plaintiff
5
```

6                IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

7                     IN AND FOR THE COUNTY OF MARICOPA

8
                                          Case No.   CV2014-003608
9   JACOB SEBAG,

10       Plaintiffs,
                                          **CERTIFICATE OF COMPULSORY
11  vs.                                   ARBITRATION**

12  GEICO CASUALTY COMPANY; JOHN
    DOES I-X; ABC CORPORATIONS I-X;
13  and BLACK and WHITE
    PARTNERSHIPS and/or SOLE
14  PROPRIETORSHIPS, I-X,

15       Defendants.

16

17       The undersigned certifies that he or she knows the dollar limits and any other limitations

18  set forth by the local rules of practice for the applicable superior court, and further certifies that

19  this case **IS NOT** subject to compulsory arbitration, as provided by Rules 72 through 76 of the

20  Arizona Rules of Civil Procedure.

21
         DATED this 28 day of May, 2014
22
                              **LAW OFFICE OF LARRY A. ZIER, P.C.**
23